**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**


**VERSUS**                                       **NO: 13-137**


**BYRON EVANS, ET AL.**                          **SECTION: "H"(1)**


## ORDER AND REASONS

Before the Court is a Motion (R. Doc. 264) filed by Defendant Byron Evans to preclude the

Government's use of a statutory sentencing enhancement under 21 U.S.C. § 851.  Defendant

alleges the enhancement was impermissibly motivated by prosecutorial vindictiveness.  For the

following reasons, the Motion is DENIED.

**BACKGROUND**[1]

On August 2, 2013, Defendant and others were charged in a seventeen-count indictment with violations of the Federal Controlled Substances Act, 21 U.S.C. § 841 *et seq.*  At some point subsequent to indictment, the Government offered Defendant a plea agreement, which required cooperation in ongoing investigations.  In exchange for Defendant's guilty plea, the Government agreed to refrain from filing a bill of information under 21 U.S.C. § 851 to enhance his sentence. Defendant rejected the plea offer and informed the Government he intended to plead guilty without the benefit of a plea agreement. The government responded that it intended to file a statutory enhancement, which was ultimately filed on December 5, 2013.  Defendant pleaded guilty six days later.  Defendant subsequently filed the instant Motion, arguing the Government unlawfully punished him for refusing to accept a plea offer that required cooperation.

**LEGAL STANDARD**

Due process  prohibits the punishment of a  defendant for exercising a protected statutory or constitutional right.  *See United States v. Goodwin*, 457 U.S. 368, 372 (1982) ("To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'") (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)).  Thus, a prosecutor may

---

[1] The following facts are drawn primarily from the Government's opposition memorandum, which the Defendant has not disputed.

not, for example, enhance charges solely to punish a defendant for invoking his or her legal rights. *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008).   A defendant who challenges a prosecutorial decision as vindictive bears the burden of proof by a preponderance of the evidence. *United States v. Krezdorn*, 718 F.2d 1360, 1365 (5th Cir. 1983) (en banc).   To carry this burden, a defendant must (1) present objective evidence of the prosecutor's punitive motive ("actual vindictiveness"), or (2) establish facts sufficient to give rise to a presumption of vindictiveness. *Saltzman*, 537 F.3d at 359.   In determining whether to apply a presumption of vindictiveness, a court examines the prosecutor's actions in the context of the entire proceeding. *Krezdorn*, 718 F.3d at 1365.   If any event or combination of events suggests the prosecutor's conduct was "motivated by some purpose other than a vindictive desire to . . . punish[,]" the presumption does not apply. *Id.*   In order to prevail, the defendant must establish a "reasonable likelihood of vindictiveness." *Goodwin*, 457 U.S. at 373.   If the defendant succeeds, the trial court has broad discretion to determine the appropriate remedy.   *See Bragan v. Poindexter*, 249 F.3d 476, 482 (6th Cir. 2001); *United States v. Meyer*, 810 F.2d 1242, 1249 (D.C. Cir. 1987).

The Supreme Court has cautioned that the presumption of vindictiveness should be applied sparingly when a prosecutor's pre-trial conduct is challenged.   *See id.* at 381.   "In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. "   *Id.*   Furthermore, a defendant is expected to invoke certain procedural

3

rights in a pre-trial setting, such as filing motions, that inevitably burden the prosecution. *Id.* "It is unrealistic to assume that a prosecutor's probable response . . . is to seek to penalize and to deter." *Id.* Finally, "[a]prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct." *Id.* at 382.

## LAW AND ANALYSIS

Defendant has not presented any evidence of actual vindictiveness. Instead, he moves this Court to presume the prosecutor acted with a vindictive motive. The issue presented is whether the presumption should apply when a prosecutor carries out a threat made during plea negotiations to enhance charges, despite the defendant's willingness to plead guilty without a plea agreement.

The Supreme Court's decision in *Bordenkircher v. Hayes* is instructive. The prosecutor in that case explicitly told the defendant that if he did not plead guilty, the government would seek an additional charge that would significantly increase his potential punishment. *Bordenkircher*, 434 U.S. at 358–59. The defendant refused to plead guilty and was subsequently reindicted. *Id.* at 359. It was not disputed that the additional charge was justified by the evidence, that the prosecutor was in possession of this evidence at the time the original indictment was filed, and that the prosecutor sought the additional charge because of the defendant's refusal to plead guilty to the

original charge. *Id.*

In finding no due process violation, the Court distinguished previous cases in which the government unlawfully penalized a defendant for attacking his conviction on appeal. *Id.* at 362–63. In those cases, "the due process violation lay not in the possibility that a defendant might be deterred from the exercise of a legal right, but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction." *Id.* at 363 (internal citations omitted). By comparison, there is no such element of retaliation in the "give and take" of plea bargaining, so long as the defendant is free to accept or reject the prosecution's offer. *Id.* While the threat of increased charges will undoubtedly affect a defendant's choice to exercise his trial rights, "the imposition of these difficult choices [is] inevitable . . . [in] any legitimate system which tolerates and encourages the negotiation of pleas." *Id.* (first alteration in original). The Court ultimately held that a prosecutor does not violate due process when he "openly present[s] the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution." *Id.* at 367. This holding explicitly recognized as "constitutionally legitimate" the government's interest in persuading a defendant to forgo his right to trial and plead guilty. *See id.* at 363.

The facts in *Bordenkircher* and the case *sub judice* are quite simliar. In both cases, the prosecutor sought to induce a plea agreement by promising not to seek additional charges clearly justified by the facts. And in both cases, the plea negotiations were unsuccessful, and the

5

defendant faced higher penalties as a result. Thus, *Bordenkircher* supports the conclusion that a presumption of vindictiveness is not warranted in this case.

At least two appellate courts have applied *Bordenkircher* to a prosecutor's decision to file a statutory enhancement following unsuccessful plea negotiations, despite a defendant's unconditional guilty plea. The defendant in *United States v. Jenkins* was indicted on two counts of distributing crack cocaine. 537 F.3d 1, 2 (1st Cir. 2008). The government subsequently offered a written plea agreement, which contained a waiver of the Defendant's right to file a direct appeal. *Id.* In exchange for the defendant's plea, the Government promised not to file a bill of information under 21 U.S.C. § 851. *Id.* The defendant rejected the plea offer. *Id.* The government then filed a statutory enhancement, and the defendant pleaded guilty without the benefit of a plea agreement. *Id.* On appeal, the defendant contended the prosecutor's decision to file a statutory enhancement was motivated by prosecutorial vindictiveness. *Id.* at 3. Specifically, he contended the government sought to penalize him for refusing to accept a plea offer that contained an appellate waiver. *Id.* Citing *Bordenkircher*, the First Circuit rejected this argument. *See id.* at 3–5.

Similarly, in *United States v. Kent*, the defendant was charged by indictment with conspiracy to possess with intent to distribute and possession with intent to distribute five grams or more of crack cocaine. 649 F.3d 906, 909 (9th Cir. 2011). The Government offered the defendant a plea agreement, which required that he cooperate as an informant. *Id.* at 910. The Government further advised that it would file a statutory enhancement if the defendant refused to cooperate. *Id.* The

6

defendant elected to plead guilty without a plea agreement.  *Id.*  The Government responded, as promised, by filing a statutory enhancement.  *See id.* at 910–11.  One of the issues on appeal was "whether a prosecutor who carries out a plea bargaining threat to enhance charges against a defendant, despite the defendant's willingness to plead guilty unconditionally, acts with impermissible vindictiveness." *Id.* at 912.  The Ninth Circuit answered this question in the negative, finding that the defendant failed to establish neither actual vindictiveness nor a presumption of vindictiveness.  *See id.* at 912–14.  *See also United States v. Pacheco*, 512 F. App'x 112, 114 (2d Cir. 2013) (holding that "[t]he government's decision at the outset to forgo filing any § 851 notice and use the threat of such filing as a bargaining chip in plea negotiations does not render unconstitutional the decision to file a § 851 notice after [the defendant] repeatedly declined to plead guilty to the lesser charges.").[2] These cases further underscore the Court's conclusion that Defendant's motion should be denied.

---

[2] Although not directly analogous to the case at bar, the Fifth Circuit has rejected claims of prosecutorial vindictiveness when the government files a statutory enhancement following the defendant's outright refusal to enter a guilty plea.  *See generally United States v. Mosley*, 14 F.3d 54 (5th Cir. 1994) (unpublished); *United States v. Wheelock*, 21 F.3d 1109 (5th Cir. 1994) (unpublished.).  Unpublished decisions issued prior to January 1, 1996 are binding precedent in the Fifth Circuit.  *Weaver v. Ingalls Shipbuilding, Inc.*, 282 F.3d 357, 359 (5th Cir. 2002); 5th Cir. R. 47.5.3.

**CONCLUSION**

For the reasons previously stated, Defendant has not carried his burden of establishing prosecutorial vindictiveness.  Accordingly, the Motion is DENIED.


New Orleans, Louisiana, this 16th day of April, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**